UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HUAN NGUYEN | CIVIL ACTION |
| VERSUS | NO. 23-2457 |
| BAKTYBEK TALABAEV, *et al.* | SECTION M (4) |

## ORDER & REASONS

Before the Court is plaintiff Huan Nguyen's motion to remand.[1] Defendants Baktybek Talabaev, KG Line, Inc. ("KG Line"), and State National Insurance Company ("State National") (collectively, the "KG Line Defendants") respond in opposition,[2] and Nguyen replies in further support of his motion.[3] Having considered the parties' memoranda, the record, and the applicable law, the Court grants the motion and remands this case to the 24th Judicial District Court, Parish of Jefferson, State of Louisiana.

I.  BACKGROUND

This matter concerns a multi-vehicle pile-up accident. Nguyen alleges that the KG Line Defendants, along with co-defendants Carlos R. Paz and Ashley B. Phu, are liable for injuries that he sustained in an accident that occurred on Interstate 10 ("I-10") in Kenner, Louisiana, on October 26, 2022.[4] Nguyen alleges that Phu and Paz, the lead drivers, stopped their cars on I-10 due to heavy traffic and that Nguyen, approaching their cars from behind, also came to a stop in his pickup truck.[5] According to Nguyen, Talabaev, who was driving a tractor-trailer and not looking at the

---

[1] R. Doc. 10.
[2] R. Doc. 15. Defendants Carlos R. Paz and Imperial Fire & Casualty Insurance Company ("Imperial Fire") join in and adopt the KG Line Defendants' opposition to the motion to remand. R. Doc. 16.
[3] R. Doc. 23.
[4] R. Doc. 3-1 at 2-3.
[5] *Id.* at 2.

road, struck Nguyen's pickup from behind, causing a chain reaction in which Nguyen hit Phu's car and Phu hit Paz's car.[6] Nguyen asserts that he sustained injuries to his neck and back that require continuing medical care.[7]

Nguyen brought this action against the KG Line Defendants, Phu, and Paz in state court seeking damages for his injuries.[8] Nguyen, Paz, and Phu are all citizens of Louisiana, while Talabaev is a citizen of Pennsylvania and KG Line is a citizen of Illinois, where it is incorporated and maintains its principal place of business.[9] Nguyen asserts that Talabaev's negligence in failing to stop his vehicle, along with Paz and Phu's negligence in suddenly stopping their vehicles, caused the accident and his resulting injuries.[10] Nguyen also claims that KG Line was negligent in employing Talabaev and inadequately training him on how to drive its tractor-trailer.[11]

On July 11, 2023, the KG Line Defendants removed the case to this Court, asserting diversity subject-matter jurisdiction under 28 U.S.C. § 1332.[12] They contend that Nguyen cannot reasonably establish that defendants Phu and Paz are liable to him under Louisiana law, and therefore that Nguyen improperly joined these in-state defendants to defeat diversity jurisdiction.[13] Nguyen filed the instant motion to remand on August 8, 2023.[14]

## II. PENDING MOTIONS

Nguyen argues that this matter should be remanded because Phu and Paz are properly joined and, as a result, this Court lacks diversity jurisdiction.[15] First, Nguyen argues that he sued

---

[6] *Id.* at 3. Nguyen alleges that the tractor-trailer was owned by KG Line. *Id.* at 2.
[7] *Id.* at 3.
[8] *Id.* at 4-6.
[9] R. Doc. 3 at 10. Nguyen also sued the insurers of the KG Line Defendants, Paz, and Phu – namely, State National, State Farm Mutual Automobile Insurance Company, and Imperial Fire, respectively. R. Doc. 3-1 at 1-2, 6.
[10] *Id.* at 4-5.
[11] *Id.* at 4.
[12] R. Doc. 3 at 1.
[13] *Id.* at 2-3.
[14] R. Doc. 10.
[15] R. Doc. 10-1 at 1-3.

the Louisiana defendants for contributory negligence based on a "stopped short" theory of liability, positing that they were following too closely behind other vehicles on I-10 to allow them to slow to a stop so as to permit Nguyen the opportunity to change lanes to avoid being rear-ended by the tractor-trailer.[16] Second, Nguyen argues that the KG Line Defendants, in their original answer, asserted a comparative-fault affirmative defense and thereby judicially confessed that Phu and Paz could be found liable for the accident.[17] Lastly, Nguyen argues that adjudication of the Louisiana defendants' liability is premature at this stage of the litigation.[18]

In opposition, the KG Line Defendants argue that Nguyen improperly joined Phu and Paz in this case.[19] They say that Nguyen does not have a viable claim against the Louisiana defendants because his "stopped short" theory of liability is not supported by either the facts or Louisiana law.[20] In particular, the KG Line Defendants point to Nguyen's deposition testimony in which he denied that Phu and Paz did "anything wrong to cause the accident."[21] On the basis of this testimony, the KG Line Defendants insist that it is undisputed that the Louisiana defendants could not be found liable for Nguyen's injuries.[22]

In reply, Nguyen reiterates that lead drivers can be held liable in pile-up accidents because, under Louisiana law, a driver's negligence depends on all the facts and circumstances of the accident.[23]

---

[16] *Id*. at 1, 4-6 (referencing La. R.S. 32:81), 10-12.
[17] R. Doc. 10-1 at 6-7, 12-13.  After Nguyen filed the instant motion to remand, the KG Line Defendants filed an amended answer, dropping their comparative-fault affirmative defense and pleading that they now "judicially confess that they are 100% negligent with respect to the claims by Plaintiff against them." R. Doc. 13 at 2 (¶ IV).
[18] R. Doc. 10-1 at 13.
[19] R. Doc. 15.
[20] *Id*. at 1-8.
[21] *Id*. at 6-7.  Nguyen says he submitted an errata sheet to his deposition transcript to clarify that "the Louisiana defendant was not at fault 'other than her sudden stop' – i.e., a violation of La. Rev. Stat. § 32:81." R. Doc. 10-1 at 3; *see also* R. Docs. 15 at 5; 23 at 4-5.  However, this errata sheet is not in the record so it cannot be considered by this Court.
[22] R. Doc. 15 at 7-9.
[23] R. Doc. 23 at 4.

### III. LAW & ANALYSIS

#### A. Remand Standard

A defendant may remove from state court to the proper United States district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Remand to state court is appropriate if the federal court lacks subject-matter jurisdiction. Subject-matter jurisdiction must exist at the time of removal to federal court based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("[J]urisdictional facts must be judged as of the time the complaint is filed …."). Because federal courts have only limited jurisdiction, the removal statute is strictly construed, and any doubts or ambiguities are resolved against removal and in favor of remand. *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014); *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The party seeking removal has the burden of establishing "that federal jurisdiction exists and that removal was proper." *Manguno*, 276 F.3d at 723.

#### B. Improper Joinder

Section 1441(b)(2) permits a defendant to "remove a case from state court to federal court on the basis of diversity jurisdiction so long as none 'of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.'" *Wolf v. Deutsche Bank Nat'l Tr. Co. for Am. Home Mortg. Inv. Tr. 2007-1*, 745 F. App'x 205, 207 (5th Cir. 2018) (quoting 28 U.S.C. § 1441(b)(2), and citing *Alviar v. Lillard*, 854 F.3d 286, 289 (5th Cir. 2017)). However, the lack of complete diversity will not render an action non-removable if a party has been improperly joined. *Id.* Instead, if a "plaintiff improperly joins a non-diverse defendant, … the court may disregard the citizenship of that defendant, dismiss the non-diverse defendant from

4

the case, and exercise subject matter jurisdiction over the remaining diverse defendant." *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016). The defendant can demonstrate improper joinder by showing either (1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse defendant in state court. *Mumfrey . CVS Pharmacy, Inc.*, 719 F.3d 392, 401 (5th Cir. 2013). The improper joinder doctrine is a "'narrow exception' to the rule of complete diversity, and the burden of persuasion on a party claiming improper joinder is a 'heavy one.'" *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007) (citing *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005)). "Under the second prong (inability to establish a cause of action), the court must determine whether 'there is arguably a reasonable basis for predicting that state law might impose liability.'" *Id.* (quoting *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 462 (5th Cir. 2003)). "This means that there must be a *reasonable* possibility of recovery, not merely a *theoretical* one." *Ross*, 344 F.3d at 462 (emphasis in original). "[T]he existence of even a single valid cause of action against in-state defendants (despite the pleading of several unavailing claims) requires remand of the entire case to state court." *Gray ex rel. Rudd v. Beverly Enters.-Miss., Inc.*, 390 F.3d 400, 412 (5th Cir. 2004).

In *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568 (5th Cir. 2004), the Fifth Circuit explained the procedure used by courts to determine whether a plaintiff has improperly joined a non-diverse defendant. A court first looks "at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant," and "[o]rdinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Id.* at 573. However, if "a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder ... the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Id.* The Fifth Circuit "caution[ed] that a summary

inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Id.* at 573-74. In conducting such an inquiry, the district court may "consider summary judgment-type evidence in the record, but must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff." *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003). Further, "[a]ny contested issues of fact and any ambiguities of state law must be resolved in [the plaintiff's] favor." *Id.*

### C. Analysis

Considering the allegations in Nguyen's complaint and the dearth of "undisputed facts" in the record, the KG Line Defendants have failed to carry their "heavy burden" of demonstrating that Nguyen has no possibility of recovery against in-state defendants Phu or Paz. Nguyen brings negligence claims against all the defendants. "Louisiana courts have adopted a duty-risk analysis in determining whether to impose liability under the general negligence principles as set forth in the Civil Code." *Jenkins v. Hernandez*, 305 So. 3d 365, 371 (La. App. 2020) (citing *Brewer v. J.B. Hunt Transp., Inc.*, 35 So. 3d 230, 240 (La. 2010)). To prevail under the duty-risk analysis, the plaintiff must prove the following elements: (1) the defendant had a duty to conform his or her conduct to a specific standard (the duty element); (2) the defendant failed to conform his or her conduct to the appropriate standard (the breach-of-duty element); (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope-of-liability or scope-of-protection element); and (5) actual damages (the damages element). *Id.*

In the complaint, Nguyen alleges that Phu and Paz are contributorily negligent for the accident because they each made a sudden stop.[24] In doing so, urges Nguyen, they breached the duty imposed by La. R.S. 32:81(A) to "not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway." Specifically, Nguyen argues that Phu and Paz followed too closely behind the vehicles in front of them, requiring them to stop short, which left no room for Nguyen to maneuver out of the way of Talabaev's tractor-trailer fast approaching from behind.[25]

A "following motorist involved in a rear-end collision is presumed to have breached" the duty imposed by La. R.S. 32:81. *Garcia v. Stalsby*, 78 So. 3d 873, 877 (La. App. 2011) (citing *Mart v. Hill,* 505 So.2d 1120 (La.1987)). "A following motorist may, however, rebut the presumption by demonstrating that he or she had his [or her] car under control, closely observed the preceding vehicle, and followed at a safe distance under the circumstances, or by *proving that the driver of the lead car negligently created a hazard which the following motorist could not reasonably avoid.*" *Id.* (emphasis in original; collecting cases). "The following motorist bears the burden of showing he was not negligent." *Id.*

Here, Nguyen recognizes that Talabaev, as the following motorist in a rear-end collision, is presumed negligent under Louisiana law, but Nguyen alleges that the drivers of the cars in front of him (Phu and Paz) were also negligent and contributed to Nguyen's being struck by Talabaev's tractor-trailer because they came to sudden stops that prevented Nguyen from changing lanes to avoid being hit by Talabaev. However, the KG Line Defendants argue that Nguyen's deposition

---

[24] R. Doc. 3-1 at 2, 4-5.
[25] R. Doc. 10-1 at 1.

testimony refutes his theory that Phu and Paz were contributorily negligent because he answered "no" when asked if either Phu or Paz did anything wrong to cause the accident:[26]

> Q. As far as you know, did the driver of the sedan [Phu] do anything wrong to cause the accident?
>
> A. No.
>
> Q. What about the car in front of her? Did that – as far as you know, did that car [Paz] do anything wrong to cause the accident?
>
> A. No.[27]

These are all the "undisputed facts" upon which the KG Line Defendants rely to argue that Phu and Paz cannot possibly be liable. No other depositions have been taken.[28] Nguyen argues that his deposition testimony should be discounted because he is "a Vietnamese immigrant who speaks English as a second language [and] a layperson who does not determine issues of fault and causation."[29] Maybe so, but the Court need not hinge its resolution of this motion on these factors. When viewed in context, the cited deposition testimony is not nearly as clear as the KG Line Defendants declare. Before being asked whether the cars in front of him caused the accident, Nguyen had been asked to tell how it came about. He first described the cars stopping in front of him due to traffic and then, unsurprisingly, had harsh words for Talabaev and his role in causing the accident, testifying: "I was going down I-10, and in front of me there was traffic, so everybody stopped and I stopped. And I look in my rear-view mirror and I saw this clown. Look like he's not going to stop. The next thing I know, it – I heard a bang, and then that was it."[30] Given this immediately preceding exchange, Nguyen could have understood and answered the deposition questions about whether Paz and Phu did anything wrong to cause the accident as posed in a "but-

---

[26] R. Docs. 3-2 at 37; 15 at 7-8.
[27] R. Docs. 3-2 at 37; 15 at 7.
[28] R. Doc. 10-1 at 7.
[29] *Id.* at 2.
[30] R. Doc. 3-2 at 35-36.

for" causation sense. In other words, would the accident have occurred due to their conduct, without regard to Talabaev's central role in precipitating the pile-up? Because Nguyen might have believed that the pile-up would not have happened but for Talabaev's careless driving and failure to stop, he answered the questions about Paz and Phu's wrongdoing in the negative. The deposition testimony, understood in this way, is not inconsistent with Nguyen's present position that he might have avoided being hit by Talabaev had Paz and Phu not suddenly stopped short and prevented him from maneuvering to a different lane. In that event, the pile-up might still have occurred, but Nguyen would not have been a part of it. In this light, and at this juncture on such a thin record, the Court cannot conclusively find that Phu and Paz could not possibly have any liability for the accident and the injuries Nguyen sustained. Instead, that determination should be left to the factfinder on a complete factual record. For this Court to find that the in-state defendants Paz and Phu are improperly joined on this preliminary, jurisdictional inquiry would reverse the heavy burden the KG Line Defendants bear; it would deprive Nguyen of the opportunity to discover this case more fully before the issues of causation and comparative fault are resolved; and it would prejudice the orderly administration of justice.

Another section of this court addressed a similar situation in *Irizarry v. Lawson*, 2017 WL 4684740 (E.D. La. Oct. 19, 2017). In that case, a driver of a vehicle, Bernie Selvage, lost control of his vehicle and crashed into a highway median. Thereafter, several vehicles avoided the collision, but one vehicle, driven by Bradley Schultz, rear-ended Selvage's vehicle, causing Selvage's vehicle to then collide with another vehicle, driven by Kiara Lawson. The plaintiff, a passenger in Selvage's car, sued several out-of-state defendants – Schultz and his insurer, Lawson and her insurer, and a vehicle manufacturer – but she also sued two in-state defendants – Selvage and his insurer. The diverse defendants argued that Selvage and his insurer were improperly joined

under *Smallwood* because the plaintiff "abandoned her claims against Mr. Selvage through her deposition testimony, in which she stated that she believed Mr. Selvage was not at fault."[31] *Id.* at *4. The court disagreed, stating that it must "look[] to the basis *in fact* for plaintiff's claims – not to the plaintiff's subjective belief regarding the claim." *Id.* at *5 (emphasis in original). Accordingly, the court concluded that "[w]hile [the plaintiff's] testimony may be damaging to her case," it could not conclude that there was no reasonable basis for the plaintiff's claim, as she "timely alleged and continues to pursue her case alleging that Mr. Selvage's negligent driving (along with others' negligent driving) contributed to her injuries." *Id.*

In the present matter, Nguyen has alleged that both Phu and Paz "stopped short" and are contributorily negligent for his injuries arising from the four-vehicle pile-up. That Nguyen testified in his deposition to his subjective lay belief that neither Phu nor Paz did "anything wrong to cause the accident" does not mean that a factfinder, when presented with all the facts, could not reasonably hold either or both contributorily negligent for their actions. Phu and Paz may ultimately escape liability, but there is simply not enough undisputed evidence to release them from the case at such an early stage given the allegations in the complaint, which do state a viable claim for relief – a conclusion especially warranted since any doubt about the propriety of removal must be resolved in favor of remand.

## IV. CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Nguyen's motion to remand (R. Doc. 10) is GRANTED.

IT IS FURTHER ORDERED that this matter is REMANDED to the 24th Judicial District Court, Parish of Jefferson, State of Louisiana.

---

[31] In fact, the plaintiff testified in her deposition that she did not believe Selvage did anything wrong or was at fault, and that she was "not trying to get any money out of him." *Id.* at *4.

New Orleans, Louisiana, this 29th day of September, 2023.

                                                          _____
                                                          BARRY W. ASHE
                                                          UNITED STATES DISTRICT JUDGE